**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1468
_____

REJEANA M. SILLA,
                                        Appellant

v.

HOLDINGS ACQUISITION CO., L.P., d/b/a RIVERS CASINO; HOLDINGS
ACQUISITION CO., L.P. AND RIVERS CASINO, a joint venture Walton Street
Capital, L.L.C. and High Pitt Gaming, L.P.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-00963)
District Judge: Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 16, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant ReJeana Silla appeals the District Court's order granting summary judgment in favor of the defendant, Rivers Casino ("Rivers"). We will affirm.

Silla worked as a bartender for Rivers. Rivers terminated Silla's employment after she was rated "needs improvement" during her 45-day performance review. She sued Rivers for sex and disability discrimination, harassment, retaliation, and a hostile work environment under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"). She also included a state law claim for breach of contract.

Eventually,[1] both parties moved for summary judgment. The District Court granted Rivers's motion as to Silla's federal law and PHRA claims and dismissed the state breach-of-contract claim without prejudice after declining to exercise supplemental jurisdiction. The District Court also denied Silla's summary judgment motion. Silla appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment ruling. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). We may affirm the "judgment on any basis supported by the record." United States ex rel. Spay v. CVS Caremark Corp., 875 F.3d 746, 753 (3d Cir. 2017). Summary judgment is proper "if the movant shows that there is no

---

[1] The District Court initially dismissed Silla's Title VII and ADA claims with prejudice as untimely, and the state law claims without prejudice. We vacated the District Court's judgment and remanded for further consideration of the timeliness issue. Silla v. Holdings Acquisition Co. LP, No. 20-3556, 2021 WL 4206169, at *2 (3d Cir. Sept. 16, 2021) (per curiam).

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

We agree with the District Court that Silla's Title VII claims could not survive Rivers's summary judgment motion. Silla's quid pro quo harassment claim, for example, failed because she did not offer evidence that any part of her employment with Rivers was affected by "unwelcome sexual advances," "requests for sexual favors," or other "verbal or physical conduct of a sexual nature" within the company. Bonenberger v. Plymouth Twp., 132 F.3d 20, 27 (3d Cir. 1997) (alteration omitted) (quoting Robinson v. City of Pittsburgh, 120 F.3d 1286, 1296 (3d Cir. 1997)). Silla's disparate treatment claim also failed, as she did not offer evidence that Rivers treated her differently than other employees because she was female. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003) (explaining that the "central focus" of a prima facie discrimination claim is whether the employer is treating employees less favorably than others because of their protected characteristics).

Further, Silla could not maintain a retaliation claim because there is no evidence that she engaged in protected activity. See Moore v. City of Phila., 461 F.3d 331, 340–41 (3d Cir. 2006). Her complaints to her employer did not concern any harassment or discrimination based on a protected class; rather, Silla complained that her co-workers were criticizing how she performed her job duties. See id. at 341 ("[T]he employee must hold an objectively reasonable belief, in good faith, that the activity they oppose is

unlawful under Title VII."). And because the treatment that Silla endured was generally about her work performance, and not because she was female, she failed to establish that Rivers had a hostile work environment in violation of Title VII. See Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 (3d Cir. 2009); cf. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (cleaned up) (explaining that Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment").

We further agree with the District Court's entry of summary judgment against Silla on her ADA claims. Even assuming, arguendo, that Silla has a qualifying disability under the ADA, there is no evidence that she ever requested an accommodation for that disability. See Hohider v. United Parcel Serv., Inc., 574 F.3d 169, 186 (3d Cir. 2009). Rather, Silla requested a scheduling accommodation so that she could take public transportation after her shift. She also indicated a preference to work in the non-smoking bar, but there is no evidence that the request was related to her disability. Additionally, there is no record evidence that Silla was mistreated or fired because of her disability, and her complaints to her employer about her problems with co-workers had nothing to do with any disability. Thus, Silla's ADA claims lacked the evidentiary support needed to survive summary judgment. See Turner v. Hershey Chocolate USA, 440 F.3d 604, 611 (3d Cir. 2006) (ADA discrimination); Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997) (ADA retaliation); Walton v. Mental Health Ass'n of Se. Pa., 168 F.3d 661, 666–67 (3d Cir. 1999) (ADA hostile work environment).

For the reasons given above, the District Court did not err by granting Rivers's summary judgment motion and, as a result, denying Silla's competing summary judgment motion.[2]  We will thus affirm the District Court's judgment.

---

[2] Silla has forfeited on appeal any issues regarding her state-law claims.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that a litigant's failure to develop claims results in forfeiture); see also Castillo Condo. Ass'n v. HUD, 821 F.3d 92, 101 (1st Cir. 2016) (explaining that a party's "bare reference to pages in the appendix" does not protect against issue-forfeiture).  But even if she had not forfeited those issues, the outcome of this appeal would not change.  The District Court properly treated Silla's PHRA claims as coextensive with her Title VII and ADA claims and rejected them on like grounds, see Atkinson v. LaFayette Coll., 460 F.3d 447, 454 n.6 (3d Cir. 2006); Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996), and the District Court did not abuse its discretion by declining to exercise supplemental jurisdiction over Silla's breach-of-contract claim, see 28 U.S.C. § 1367(c).